THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

| | |
|---|---|
| SUSAN KAY SMART, on behalf of herself and all other similarly situated plaintiffs, | Case No. 00-6140-Civ-Ungaro-Benages |
| Plaintiffs, | Magistrate Judge Brown |
| v. | |
| HUMANA INC., | |
| Defendant. | |

**MEMORANDUM IN OPPOSITION TO DEFENDANT HUMANA INC.'S MOTION FOR STAY PENDING RESOLUTION OF MOTION TO TRANSFER AND CONSOLIDATE FOR PRETRIAL PROCEEDINGS**

Plaintiffs SUSAN KAY SMART and the Class (the "Smart Plaintiffs") respectfully submit this Memorandum in Opposition to Defendant Humana Inc's ("Humana") Motion for Stay Pending Resolution of Motion to Transfer and Consolidate for Pretrial Proceedings. The Local General Rules of this Court reflect a strong and clearly stated policy against staying discovery during the pendency of dispositive motions. See S.D. Fla. L.R. App. A.I.D.(5). Humana did not, and cannot, make a showing sufficient to overcome this strong policy allowing litigation to proceed during the pendency of dispositive motions. For this reason, and for the reasons set forth more fully below, neither Humana's motion to transfer and consolidate before the Judicial Panel for Multidistrict Litigation ("MDL") nor its motion to dismiss support the stay of all proceedings that Humana has sought. Humana's motion should be denied.

### I. Nature and History of the Litigation

The Plaintiffs filed this action on January 27, 2000. The Plaintiffs allege that Humana

Case No. 00-6140 CIV-Ungaro-Benages
Smart v. Humana Inc.

violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Employee Retirement Income Security Act ("ERISA"), through an ongoing scheme whereby Humana repeatedly and fraudulently misrepresented the basis on which insurance claims would be covered and failed to disclose to subscribers specific practices employed by Humana that were designed to reduce substantially the amount of coverage actually provided.[1] These practices include, for example, providing bonus payments to claims reviewers for keeping the length of hospital stays below certain targets and basing coverage decisions on criteria developed by third parties which were more restrictive than the definition of coverage contained in the subscribers' documents. Smart Complaint at ¶¶ 50-51. These undisclosed practices were also flatly inconsistent with Humana's statements to their subscribers that they would receive coverage for medically necessary care. The Complaint set forth in detail some examples of Humana's fraudulent omissions and misrepresentations, and presents all of the elements of the predicate acts of mail fraud with the specificity required by both Fed. R. Civ. P. Rule 9(b) and RICO case law.

Since this action began, other class action lawsuits have been filed which challenge the same practices raised by the Smart Plaintiffs, seek virtually the same relief and employ language that is in places virtually identical to that in the Smart Complaint. See e.g., Price v. Humana Inc., No. 99-8763 Civ-Hurley (S.D. Fla.) (Filled October 4, 1999); Landry v. Humana Inc. and Humana Health

---

[1] The Complaint asserts claims for damages on behalf of two classes. The 'RICO Class" consists of all persons who purchased or participated in Humana Health Plans at any time during the period from October 4, 1995 through the present. The "ERISA Class" consists of all persons who participated in Humana Health Plans through their employers' ERISA-governed health benefit plans during the period from October 4, 1993 through the present.

Plan Inc., No. 2:99cv325PG (S.D. Miss.) (Filed November 22, 1999; Johnson v. Humana Inc., No. 99C-7602 (N.D. Ill.) (Filed November 23, 1999); Messina v. Humana Inc., No. 99-3309-Civ-David (S.D. Fla.) (Filed December 7, 1999). On December 16, 1999, Humana asked the MDL Panel to transfer and consolidate the Price action and the other three, later-filed lawsuits referenced above for pretrial proceedings pursuant to 28 U.S.C. §1407. Notwithstanding the pendency of cases in the Southern District of Florida, the fact that the Price Complaint was the first filed and the large presence of Humana in Florida, Humana has sought to have all cases transferred tot he Western District of Kentucky, where Humana is headquartered but where no plaintiff resides and where no cases are currently pending. Separately, Humana has moved to dismiss the Smart Complaint, choosing to mischaracterize it as a general assault on the managed care industry, even though the Complaint in fact raises a narrowly focused challenge to specific fraudulent misrepresentations and omissions by Humana about the terms on which Humana actually provides medical insurance coverage to its subscribers.

On the basis of Humana's motions, which never contest the existence of the fraudulent practices attributable to it, Humana now seeks a stay of all proceedings in this action, including all discovery. The Plaintiffs wish to commence discovery promptly, and could not do so if a stay was entered.

## II. Argument

Humana has asked this Court to stay all proceedings pending a decision by the MDL Panel of its motion to transfer and consolidate. Alternatively, Humana has asked that discovery in this action be stayed until its motion to dismiss has been decided. These requests run directly counter

(3)

Case No. 00-6140 CIV-Ungaro-Benages
Smart v. Humana Inc.

to be well-established practice of this Court. A stay of discovery is the exception and not the rule in this Court. Humana has failed to satisfy the high burden required by the Local General Rules to warrant a stay of discovery during the pendency of its motion to dismiss. As the Local General Rules of this Court make clear:

> Normally, the pendency of a motion to dismiss or motion for summary judgment will not justify a unilateral motion to stay discovery pending a ruling on the dispositive motion. **Such motions for stay are generally denied except where a specific showing of prejudice or burdensomeness is made**, or where a statute dictates that a stay is appropriate or mandatory.

S.D. Fla. L.R. Appendix A.I.D.(5) (emphasis added). Humana has not shown, specifically or otherwise, that the ongoing prosecution of this action will cause it prejudice or impose a burden sufficient to warrant the extraordinary relief that it seeks. A stay of discovery in this action would undermine the well-established, prudent policy of this Court which favors the expeditious litigation and resolution of pending actions. Humana has not carried its burden of making a specific showing as to why a stay is warranted in this case.

There is nothing in the Rules of Procedure of the Judicial Panel on Multidistrict Litigation warranting a stay of proceedings. Rule 1.5, Rules of Procedure of the Judicial Panel on Multidistrict Litigation. Rule 1.5 expressly provides that "the pendency of a motion...before the Panel pursuant to 28 U.S.C. §1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." See also In re Air Crash Disaster at Paris, France, 375 F. Supp. 887, 888 (J.P.M.L. 1974) ("the mere pendency of a motion before the Panel does not affect or suspend orders and discovery proceedings in the transferor district court and does not in any way limit the jurisdiction of the transferor court

(4)

Case No. 00-6140 CIV-Ungaro-Benages
Smart v. Humana Inc.

rule upon matters properly presented to it for decision."). Nor has Humana cited a single case from this District or the Eleventh Circuit which stayed all proceedings because of the pendency of an MDL motion.

Humana's fraudulent practices, which went undetected until recently, have misled its subscribers for a number of years, creating a strong imperative for the prompt resolution of this action and the earliest award of the full range of remedies that the law permits. Apart from failing to supply the specific showing of prejudice and burden that the Local General Rules require, Humana seeks to disrupt the progress of this active litigation and postpone the day of reckoning that the Plaintiffs deserve. See Fed. R. Civ. P. (1)(Federal Rules shall be construed "to secure the just, speedy and inexpensive determination of every action."). Humana's motion for a stay should be denied.

### A. The Pending Motion to Consolidate and Transfer Does not Justify a Stay of Proceedings in This Case

Humana devotes most of its stay motion to the untenable contention that the pendency of its Motion to Consolidate and Transfer warrants a stay of this action. The Rules of Procedure of the Judicial Panel on Multidistrict Litigation specifically disavow any such effect. JPML Rule 1.5. This Court's strong policy in its Local General Rules favoring the pursuit of discovery during the pendency of dispositive motions also supports this conclusion. Authority discussed below confirms that the pendency of a consolidation motion does not warrant the stay that Humana seeks.

It is well established that "the transferor court should not automatically stay discovery..., postpone rulings on pending motions, or generally suspend further proceedings upon being notified of the filing of a motion for transfer." Manual for Complex Litigation, Third §31.131 (1999); see

(5)

Tortola Restaurants v. Kimberly-Clark Corp., 987 F. Supp. 1185 (N.D. Cal. 1997) ("A putative transferor court need not automatically postpone rulings on pending motions or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed."); In re Air Crash Disaster, 375 F. Supp. At 888. Humana has failed to set forth any basis upon which to depart so sharply from these prevailing rules allowing proceedings to go forward during the pendency of a motion to transfer.

By its very nature, Humana's motion to consolidate and transfer this action and the similar pending actions does not seek to end the litigation, but only to change the forum in which it is prosecuted. Even if Humana's motion to consolidate and transfer is successful in its entirety, an outcome the Plaintiffs believe is unlikely, the Plaintiffs in this action will be permitted core discovery in whatever forum to which these cases are transferred. Humana cannot seriously claim to be prejudiced by the pursuit of discovery at this time which the Plaintiffs will be allowed to pursue in any event after disposition of the transfer motion.

Nonetheless, in the most vague terms, Humana contends that a stay would further judicial economy and avoid inconsistent pretrial rulings. See Defendant's Memorandum in Support of Defendant's Motion for Stay of Proceedings ("Def. Stay Memo."), at 4. In asserting the interests of judicial economy, Humana makes the assumption that the court to which this case is assigned will have to duplicate the efforts expended by this Court in managing this litigation. Id. Apart from its failure to appreciate that this Court is the most likely forum to which these cases would be transferred, Humana overstates the efforts that this Court is likely to expend in this litigation while Humana's motion is pending before the MDL Panel. Other than this stay motion and the pending

Case No. 00-6140 CIV-Ungaro-Benages
Smart v. Humana Inc.

motion to dismiss, there are no pending matters which the Court will likely be required to adjudicate during the pendency of Humana's motion before the MDL Panel. By contrast, in <u>American Seafood, Inc. v. Magnolia Processing, Inc.</u>, 1992 WL 102762, *1 (E.D. Pa. May 7, 1992), on which Humana relies, there were six substantial motions pending which that court expected to adjudicate in the absence of a stay.[2]

Nor is it likely that this action will be transferred to another forum for pretrial proceedings. If the pending cases against Humana are consolidated, there is a substantial likelihood that they will be assigned to this Court. Factors traditionally dispositive of the choice of forum in multidistrict litigation weigh heavily in favor of the Southern District of Florida. First, the Price lawsuit was filed before the other cases against Humana. Second, many of the cases pending against Humana are docketed in the Southern District of Florida. Third, most of the named Plaintiffs who together have brought the cases against Humana, almost all reside in Florida, more than in any other jurisdiction. None of the Plaintiffs reside in the Western District of Kentucky, where Humana is headquartered and where it seeks to have these cases transferred. Fourth, Humana has more subscribers in Florida than in any other state in which it does business. There is a significant likelihood, therefore, that if these cases are consolidated, they will be assigned to this forum.

---

[2]   Other courts have exercised their broad discretion to deny stay requests during the pendency of motions before the MFL Panel. <u>See</u>, e.g., <u>Tortola Restaurants v. Kimberly-Clark Corp.</u>, 987 F. Supp. 1186 (N.D. Cal. 1997); <u>Aetna U.S. Heathcare, Inc. v. Hoechst Aktiengesellschaft</u>, 54 F. Sup. 2d 1042 (D. Kan. 1999); <u>Rutt v. Prudential Ins. Co. of Am.</u>, 1996 WL 278819 (E.D. Pa. 1996).

Case No. 00-6140 CIV-Ungaro-Benages
Smart v. Humana Inc.

### B. The Pendency of Humana's Motion to Dismiss Fails to Justify a Stay of Discovery

Notwithstanding the strong policies of this Court which favor denying a stay of discovery during the pendency of a dispositive motion, Humana seeks to achieve just that result. Like Fed. R. Civ. P. Rule 26(c) which Humana has invoked, the Local General Rules make it clear that the mere pendency of a motion to dismiss does not warrant a stay of discovery absent a specific showing of prejudice or burdensomeness. See S.D. Fla. L.R. Appendix A.I.D.(5). Humana has utterly failed to satisfy this substantial burden.

Courts have routinely and regularly disfavored granting blanket stays of discovery because of pending motions to dismiss. See Turner Broadcasting System, Inc. v. Tracinda Corp., 175 F.R.D. 554 (D. Nev. 1997); Skellerup Industries Ltd. v. City of Los Angeles, 163 F.R.D. 598 (C.D. Cal. 1995); In re Gupta Securities Litigation, 1994 WL 675209 (N.D. Cal. 1994); Cohn v. Taco Bell Corp., 174 F.R.D. 154 (N.D. Ill. 1993); Coca-Cola Bottling Co. v. Grol, 1995 WL 421900 (E.D. Pa. 1993); Hachette Distribution, Inv. V. Hudson County News Co., 136 F.R.D. 356 (E.D.N.Y. 1991). Indeed, Magistrate Judge Garber of this Court recently denied a request to stay discovery during the pendency of a dispositive motion. Louisiana Wholesale Drug Co., Inc. v. Abbott Laboratories, Inc. Nos. 98-3125 & 98-1938 (S.D. Fla. Nov. 23, 1999), attached as Ex. C.

Motions to stay are disfavored "because when discovery is delayed or prolonged, it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." Feldman v. Flood, 175 F.R.D. 651, 652 (M.D. Fla.

Case No. 00-6140 CIV-Ungaro-Benages<br>
Smart v. Humana Inc.

1997).

There is no provision for an automatic stay when a motion is filed under Fed. R.Civ. P. Rule 12(b)(6). Therefore, Humana tries to delay this litigation by requesting a protective order under Rule 26(c) even though it cannot establish any of the exceptional circumstances that would justify interference with normal discovery favored by the Federal Rules.[3] In Gray v. Winthrop Corporation, the district court cogently articulated the "heavy burden" borne by a party seeking to stay discovery:

> The district court has considerable latitude under Fed. R. Civ. P. 25(c) to craft protective orders during discovery. Such orders are only appropriate, however, upon a showing of "good cause" by the party seeking the order. Id. A party seeking a stay of discovery carries the <u>heavy burden</u> of making a "strong showing" why discovery should be denied. Blankenship v. Hearst Corp., 519 F. 2d 418, 429 (9th Cir. 1975). **The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements.** See Wright & Miller, FEDERAL PRACTICE AND PROCEDURE §2035; A.W. Tashima & J. Wagstaffe, FEDERAL PRACTICE AND PROCEDURE BEFORE TRIAL §11:88.

133 F.R.D. 39, 40 (N.D. Cal. 1990) (emphasis added).

In <u>Gray</u>, as here, defendants moved to stay discovery based on the pendency of motions to dismiss. The <u>Gray</u> court's reasons for rejecting a motion for a protective order based on the pendency of potentially dispositive motions are instructive:

> Defendants have done no more than to argue in conclusory fashion that their motions to dismiss – some of which are yet to be filed – will succeed, and that plaintiff class will not be certified. Idle speculation does not satisfy Rule 26(c)'s good cause requirement. Such general arguments could be said to apply to any reasonably large civil litigation. If this court were to adopt defendants' reasoning, it would undercut

---

[3]   Rule 26(c) provides that where justices requires, a district court may issue an order to protect a party from (a) annoyance, (b) embarrassment, (c) oppression or (d) undue burden or expense. Humana has not sustained its burden of establishing any of those conditions because none exist.

(9)

Case No. 00-6140 CIV-Ungaro-Benages
Smart v. Humana Inc.

the Federal Rules' liberal discovery provisions. The motions referred to by defendants will be decided in due course; in the meantime, defendants may only seek to attach the discovery requests by means of objections, if appropriate, as provided in Federal Rules.

\* \* \*

***Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.*** Under Rule 33, for instance, interrogatories may be served at the same time as the summons and complaint. Since motions to dismiss are frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions.

Gray, 133 F.R.D. at 40 (emphasis added).

Nor does Chudasama v. Mazda Motor Corp., 123 F. 3d 1353 (11th Cir. 1997), on which Humana heavily relies, warrant a stay of discovery here. Neither the circumstances of Chudasama, nor the concerns expressed there by the Court of Appeals apply here.

In Chudasama, the Court of Appeals vacated a default judgment entered as a sanction for failing to respond to broad discovery that was responsive to a fraud claim as to which a dispositive motion had been pending for more than 18 months. Rather than act on a motion to dismiss the fraud claim, the district court compelled discovery that the Eleventh Circuit described as seeking "almost every tangible piece of information or property possessed by the defendants". Id. 1357. Finding no discernible foundation in either existing law or a reasonable extension of that law to support the fraud claims, the Court of Appeals described them as "especially dubious" Id. At 1368. It is not surprising, therefore, that the Eleventh Circuit admonished the district court for allowing expansive discovery to proceed while failing for more than 18 months to adjudicate a fully briefed dispositive

Case No. 00-6140 CIV-Ungaro-Benages
Smart v. Humana Inc.

motion directed at a facially meritless claim. Id at 1360. No motion for a stay was filed in Chudasama, nor did the Eleventh Circuit direct that discovery necessarily be stayed during the pendency of a dispositive motion, only that the Lower Court act promptly to resolve dispositive motions before broad discovery is compelled.

The circumstances of this action contrast sharply with Chudasama. To date, no discovery has been directed at Humana. Nor is this Court likely to allow Humana's Motion to Dismiss to languish undecided. Simply put, the extraordinary circumstances in Chudasama are not present here and the concerns expressed by the Eleventh Circuit there are not warranted in this case.

Nor do the merits of Humana's Motion to Dismiss warrant a stay pending disposition of that motion. While the Plaintiffs will respond separately and fully to Humana's Motion to Dismiss, several features of the motion that are immediately apparent distinguish the Smart Complaint from the "especially dubious" claims in Chudasama.

At bottom, Humana has fundamentally mischaracterized this action, leveling its attack on a complaint that the Plaintiffs have not filed. The Plaintiffs have alleged that Humana fraudulently misrepresented the terms on which it provides health coverage to its subscribers, concealing from them a variety of practices which ensure that cost is the overwhelming factor in its coverage determinations. See e.g., Smart Complaint at ¶ 48. Humana has described this action, however, as a frontal attack on managed care and on the cost-containment procedures which it claims have been long employed by managed care companies. See generally Humana Motion to Dismiss. The Smart Complaint specifically disavows such a view. Smart Complaint at ¶ 4. Humana has erected a straw

(11)

man through a distorted description of this action, but its mischaracterization does not alter the substance of the Complaint as pled nor demonstrate that the Complaint should be dismissed.

Nor do claims advanced by the Smart plaintiffs bear any resemblance to the fraud claim at issue in Chudasama, which lacked any basis in existing law. Even a cursory review of the most salient authorities on which these claims rest reveals a foundation of established legal principles recognized by the courts.

Last year, for example, the Supreme Court ruled in Humana Inc. v. Forsyth, 525 U.S. 299 (1999), that fraud claims can be brought under RICO against managed health care companies without interfering with a state's regulatory regime. Rather than undermining state administrative sanctions punishing insurance fraud, the Supreme Court found that private damage actions under RICO, like the present case, complement state insurance regulation. See generally Plaintiffs' RICO statement filed February 28, 2000.

The Plaintiffs' ERISA claims likewise draw upon established authority. The Eleventh Circuit, for example, has ruled that an insurer is covered by ERISA and bears fiduciary responsibilities to its subscribers when, like Humana, it determines eligibility for plan benefits. Englehardt v. Paul Revere Life Ins. Co., 219 F. 3d 1346 (11th Cir. 1998). See also Libbey-Owens-Ford Co. v. Blue Cross & Blue Shield Mut. Of Ohio, 982 F. 2d 1031, 1035 (6th cir.) cert. denied, 510 U.S. 819 (1993). As the Eleventh Circuit and other circuit courts have held, this fiduciary responsibility imposes an obligation to disclose to subscribers any material information that could adversely affect their interest. E.g. Local Union 2134, United Mine Workers of America v.

Case No. 00-6140 CIV-Ungaro-Benages
Smart v. Humana Inc.

Powhatan Fuel, Inc. 828 F. 2d 710, 713 (11th Cir. 1987), Eddy v. Colonial Life Ins. Co. of Am, 919 F. 2d 747, 750 (D.C. cir. 1990); Berlin v. Michigan Bell Telephone Co. 858 F. 2d 1154 (6th Circ. 1988). Indeed, the Eighth Circuit squarely held that these fiduciary duties impose on HMOs, like Humana, the responsibility to disclose to subscribers any financial incentives paid by the health plan to physicians that could influence their medical judgment. Shea v. Esenten, 107 F. 3d 625, 626, 628 (8th cir.) *cert. denied*, 118 S.Ct. 297 (1997); see also Maltz v. Aetna Health Plans, 114 F. 3d 9 (2d Cir. 1997); Bixter v. Central PA teamsters Health and Welfare Fund, 12 F 3d 1292 (3d Cir. 1993); In re Unisys Corp. Retiree Medical Benefit ERISA Litigation, 57 F. 3d 1255 (3d Cir. 1995), *cert. denied*, 517 U.S. 1103 (1995); see also, Drolet v. Healthsource, Inc. 968 F. Supp. 757 (D.N.H. 1997).[4]

The Supreme Court also recognized recently that plan participants, like the Smart Plaintiffs here, may enforce ERISA against plan fiduciaries who have breached their duty by misrepresenting material information about plan benefits. See Varity v. Howe, 516 U.S. 489 (1996). The equitable remedies that the Plaintiffs here seek under ERISA, such as restitution of payments that unjustly enriched Humana, have also been recognized by the Supreme Court. See Mertens v. Hewitt Associates, 508 U.S. 257, 255, 256 (1993).

These authorities clearly demonstrate that the claims advanced in this action in no way

---

[4]    Although at least one circuit court has expressed a narrow view of the disclosures required under ERISA, see Ehlmann v. Kaiser Foundation Health Plan of Texas, No. 98-11020, 2000 WL 359 (5th Cir. Jan. 4, 2000), this decision does not reflect the majority view of the courts which have addressed this issue.

(13)

resemble the "especially dubious" claims confronted by the Court of Appeals in <u>Chudasama</u>.

Accordingly, the pendency of Humana's Motion to Dismiss affords no basis to depart from the well-established rules of this Court that disfavor stays during the pendency of dispositive motions.

## Conclusion

For all of the foregoing reasons, the Plaintiffs respectfully request that this Court deny Humana's Motion for Stay Pending Resolution of Motion to Transfer and Consolidate for Pretrial Proceedings.

DATED this 6th day of March, 2000.

          Respectfully submitted,
          MILLER, SCHWARTZ & MILLER, P.A.

By: _____
    James Fox Miller, Florida Bar No. 095070
    Charles Fox Miller, Florida Bar No. 0970270
    Greg A. Lewen, Florida Bar No. 0047422

2435 Hollywood Boulevard
Hollywood, Florida 33020
(954) 924-0300
(954) 924-0311 fax

Case No. 00-6140 CIV-Ungaro-Benages
Smart v. Humana Inc.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via courier on Peter A. Sachs, Esquire, 505 South Flagler Drive, Suite 1100, Post Office Box 3475, West Palm Beach, Florida 33402-3475, and via U.S. Mail on Brian D. Boyle, Esquire, Robert N. Eccles, Esquire, Jeffrey Kilduff, Esquire, 555 13th Street, N.W., Suite 500 West, Washington, DC 20004 on this 6th day of March, 2000.

MILLER, SCHWARTZ & MILLER, P.A.

By: _____
James Fox Miller, Florida Bar No. 095070
Charles Fox Miller, Florida Bar No. 0970270
Greg A. Lewen, Florida Bar No. 0047422

2435 Hollywood Boulevard
Hollywood, Florida 33020
(954) 924-0300
(954) 924-0311 fax