IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 00-6140-CIV-Moreno
Magistrate Judge Dube

SUSAN KAY SMART,

    Plaintiff,

v.

HUMANA INC.,

    Defendant.
_____/

NIGHT BOX FILED
MAR 14 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS

On December 16, 1999, Defendant Humana Inc. ("Humana") moved before the Judicial Panel on Multidistrict Litigation (the "MDL Panel") for an order (a) transferring four virtually identical purported class actions to a single district court and (b) consolidating those actions for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407. Subsequently, Humana notified the Panel of nine additional cases that have been filed that it believes be "tag-along" actions raising the same factual issues and requiring discovery of the same witnesses and documents as the other cases referred to the MDL Panel for consolidation. The MDL Panel was notified of Humana's belief that this case constitutes a "tag-along" action on February 8, 2000. The MDL Panel has set March 30, 2000 as the hearing date for Defendants' Motion to Transfer and Consolidate. On February 23, Humana moved for a stay of proceedings in this case pending the MDL Panel's decision.

As Humana described in its accompanying memorandum ("Humana Mem."), at

least three independent reasons support its motion: (1) a stay would further the purposes of 28 U.S.C. § 1407 by conserving judicial resources and eliminating potentially conflicting pretrial rulings; (2) entry of a stay will not prejudice plaintiff; and (3) entry of a stay will be consistent with clear precedent, including orders entered by other courts in cases subject to Humana's MDL petition. Furthermore, as the Eleventh Circuit recently recognized in *Chudasama v. Mazda Motor Co.*, 123 F.3d 1353 (11th Cir. 1997), a stay is appropriate to permit the court to rule on Humana's pending motion to dismiss before significant discovery ensues.

In her memorandum opposing Humana's motion for a stay ("Pl. Br."), plaintiff concedes that the twelve other purported class action suits are "virtually identical" (Pl. Br. at 2) and that no matter what court ultimately presides over this case, she will be able to engage in full discovery even after the MDL Panel rules on the transfer motion. (Pl. Br. at 6.) Nevertheless, plaintiff opposes Humana's reasonable and appropriate request for a stay because of the "presumption" against granting stays of discovery—which has no application here. The primary reason behind the presumption, prejudice to the plaintiff, is completely absent from this case, and plaintiff never suggests otherwise. At the same time, permitting discovery to continue unabated in this case while potentially determinative motions are pending will impose considerable costs on Humana, require the parties simultaneously to litigate identical issues in different districts, and waste this Court's resources. Accordingly, this Court should stay all proceedings in this case until the MDL Panel decides where to transfer this action for consolidated pretrial proceedings. Alternatively, the Court should postpone discovery in this action pending resolution of Humana's motion to dismiss.

# ARGUMENT

I.     A STAY OF PROCEEDINGS WOULD FURTHER THE PURPOSES OF 28 U.S.C. § 1407.

As Humana explained in its initial memorandum, a stay pending the MDL Panel's decision would promote 28 U.S.C. § 1407's goal of furthering "judicial economy and . . . eliminat[ing] the potential for conflicting pretrial rulings," *Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804, 809 (N.D. Cal. 1998). "[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997). While the decision "[w]hether or not to grant a stay is within the court's discretion," it is "appropriate when it serves the interests of judicial economy and efficiency." *Id.* at 1360. This is clearly such a case, for a stay would further judicial economy considerably by avoiding duplicative judicial rulings, motions, and pretrial proceedings, and would permit the Court to avoid devoting its limited time to the merits of the case until absolutely necessary. Chief Judge Aspen (N.D. Ill.), Judge Pickering (S.D. Miss.) and Judge Ryskamp of this Court (who are overseeing other cases subject to Humana's MDL petitions) have already recognized as much granting Humana's parallel requests for a stay.[1]

Plaintiff's responses are not persuasive. She begins by quoting a Local Rule governing discovery, but then ignores its most pertinent section. (*See* Pl. Br. at 3-4.) That rule

---

[1]     The stay orders in the Northern District of Illinois and the Southern District of Mississippi were attached to Humana's opening brief. Judge Ryskamp's stay order is attached to this brief at Tab A.

3

provides that a court may grant a stay "where a statute dictates that a stay is appropriate or mandatory." S.D. Fla. L.R. Appendix A.I.D. (5). 28 U.S.C. § 1407 is just such a statute, as many courts have made clear. *See Good*, 5 F. Supp. 2d at 809 ("Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case.").

More important, absent a stay, nothing prevents plaintiff from imposing burdensome discovery requests on Humana. Such requests by the plaintiff also may require the Court to rule on various discovery-related motions. If the MDL Panel consolidates these cases in another court, then any such pretrial rulings and proceedings will be wasted. Moreover, a stay will help ensure that the parties are not faced with inconsistent rulings from different courts addressing the same issues. *See American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("[T]he defendants may be forced to prosecute or defend similar motions twice and the decisions of this Court and the Northern District [of Mississippi] may be in conflict. The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay."). Considering that plaintiff will be able to engage in full discovery no matter where the case ultimately ends up (Pl. Br. at 6), it is hard to see why she is even opposing Humana's motion for a stay.

Plaintiff next argues that a stay is unnecessary because it is unlikely that the MDL Panel will transfer this case to another court. (Pl. Br. at 7.) History belies this argument: This action has *already* been transferred from one judge of this Court to another. But even assuming that the case is now in its permanent forum, how will it harm this Court or the plaintiff to stay the proceedings until the MDL Panel makes its decision? If the MDL Panel does not consolidate the cases or consolidates them in this Court, then this Court can rule on pending motions at that time.

If the Court does not stay the proceedings and the MDL Panel consolidates the case in another district (like the Western District of Kentucky, where Humana is headquartered, or the Northern District of Illinois, which other plaintiffs have suggested as a transferee forum), however, then any prior rulings by this Court will have been duplicative and unnecessary.

Without any viable arguments to support her position, plaintiff is reduced to incanting the "presumption against stays" mantra throughout her memorandum without appreciating its meaning. The presumption exists because, in many cases, halting court proceedings will prejudice a plaintiff's case because it will impair the discovery process. But here, a stay of proceedings for the MDL Panel's decision will not impair plaintiff's case in the slightest. No discovery has occurred, and plaintiff alleges no prejudice in her opposition. She even admits that full discovery will occur unabated regardless of where the case eventually ends up. Even the *Manual for Complex Litigation, Third*, which plaintiff cites for support, provides that "it may be advisable to defer certain matters until the panel has the opportunity to rule on transfer." *Manual for Complex Litigation, Third* § 31.131 (1997). A stay would avoid duplicative litigation, potentially conflicting rulings, significant litigation expenses, and the potentially unnecessary use of this Court's resources without prejudicing the plaintiff in any way. Thus, a stay of all proceedings pending the MDL Panel's decision whether and where to transfer and consolidate this action is appropriate.

II. **ALTERNATIVELY, THIS COURT SHOULD POSTPONE DISCOVERY PENDING RESOLUTION OF HUMANA'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT.**

A stay is also appropriate pending resolution of Humana's motion to dismiss.

[2] Plaintiff opens with the rather unremarkable proposition that there is no automatic stay when a

---

[2]   Humana moved for dismissal on February 22, 2000. Despite plaintiff's assertion, Humana has *not* moved for a protective order in this action. (Pl. Br. at 9.) Such a motion is not necessary because Ms. Smart has not yet
(continued...)

5

defendant files a Rule 12(b)(6) motion, and again cites the presumption against staying discovery. (Pl. Br. at 8-10.) Plaintiff then attempts to distinguish *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997), arguing that it is factually inapposite, that the decision did not discuss granting a stay, and that the discovery to date in this case is minimal. (Pl. Br. at 10-12.) Plaintiff concludes with a lengthy defense of the merits of the legal sufficiency of her complaint. (Pl. Br. at 12-14.)

Plaintiff fails to grasp the central point in the Eleventh Circuit's decision in *Chudasama*. In *Chudasama*, the Court made clear that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, **should . . . be resolved before discovery begins**." *Id.* at 1367 (emphasis added). That is precisely what exists in this case—a motion to dismiss that, if successful, will dispose of this entire case. And if this Court does not stay discovery in this case, then Humana will face the same problem that Mazda did—dealing with monumental discovery requests despite a pending motion that potentially will render all of the discovery nugatory.

*Chudasama*'s core holding is hardly unique to its facts. *See Patterson v. United States Postal Service*, 901 F.2d 927, 929 (11th Cir. 1990) (holding it was proper to enter an order staying discovery pending resolution of a motion to dismiss or motion for summary judgment); *Feist v. Jefferson County Commissioners Court*, 778 F.2d 250, 252-53 (5th Cir. 1985) (holding it was proper to stay plaintiff's discovery motions until the court had ruled on defendant's motion

---

(...continued)
sought discovery in this matter. Humana did request a stay or protective order in *Price v. Humana Inc.*, Case No. 99-8763, Civ-Moreno, a separate but nearly identical case before this Court. Apparently in plaintiff's haste to use the *Price* plaintiffs' Memorandum in Opposition to Defendant's Motion for Stay, she failed to modify her pleading to reflect this distinction.

to dismiss); *see also Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D. Ill. 1993) (listing cases holding that a stay of discovery is proper when a motion to dismiss is pending). Leading commentators recognize that under these circumstances, a stay is appropriate. *See Moore's Federal Practice 3d*, § 26.105[3][c] (1999) ("courts can exercise an important option by staying discovery pending the outcome of a motion or other determination"); 10 *Federal Proc., L. Ed.* § 26:206 (1994) ("When the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions."); *Federal Practice and Procedure* § 2040 (1994) ("when one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided.").

The court in *Hachette Distribution, Inc. v. Hudson County News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991), examined several factors in deciding if a stay of discovery in light of a dispositive motion was appropriate. Each factor strongly militates in favor of a stay here. First, it considered "the type of motion and whether it is a challenge as a 'matter of law' or to the 'sufficiency' of the allegations." As noted above, Humana's motion to dismiss challenges as a matter of law the plaintiff's complaint. Second, it looked at "the nature and complexity of the action." Considering that plaintiff has brought this case as a nationwide class action suit involving millions of patients and thousands of doctors, it is fair to say that the case will be potentially complex. Third, it analyzed "whether counterclaims and/or cross-claims have been interposed." No such claims have been filed. Fourth, it asked "whether some or all of the defendants join in the request for the stay." Humana is the sole defendant in this case. Fifth, it examined "the posture or stage of the litigation." As the plaintiff readily admits, this case is in

its infancy. And sixth, it evaluated "the expected extent of discovery in light of the number of parties and complexity of the issues in this case." While Humana believes that the legal issues are simple (Ms. Smart clearly has no viable cause of action against Humana), the expected discovery in this case will be complex, involve potentially thousands of people, and require substantial document production—from Humana as well as third parties. Considering that all six *Hachette Distribution* factors point towards granting a stay, and that the reasons underlying the presumption against stays are not present in this case, this Court should act accordingly.

## CONCLUSION

For the foregoing reasons, Humana respectfully requests that its Motion to Stay Proceedings be granted.

Dated: March 14, 2000

Respectfully Submitted,

*[signature]*

Peter A. Sachs
Jones, Foster, Johnston & Stubbs, P.A.
505 South Flagler Drive, Suite 1100
P.O. Box 3475
West Palm Beach, Florida 33402-3475
(561) 659-3000

Of Counsel:
O'MELVENY & MYERS LLP
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
(202) 383-5300

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail on James Fox Miller, Esquire, Charles Fox Miller, Esquire, Greg A. Lewen, Esquire, 2435 Hollywood Boulevard, Hollywood, FL 33020 on this __14th__ day of March, 2000.

                        JONES, FOSTER, JOHNSTON & STUBBS, P.A.
                        Attorneys for Defendant
                        505 South Flagler Drive, Suite 1100
                        Post Office Box 3475
                        West Palm Beach, Florida 33402-3475
                        (561) 659-3000

By: _____
       Peter A. Sachs
       Florida Bar No. 349062

Of Counsel:
O'MELVENY & MYERS LLP
555 13th Street, N.W.
Suite 500 West
Washington, D.C.
(202) 383-5300
N:\PAS\20707-7\smartcertserv.wpd

1



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

Case No. 99-9108-CIV-RYSKAMP

ALAN WEINGER, CYNTHIA ZILKA
and CLIVE D. HAYHURST on behalf
of themselves and all others
similarly situated,

    Plaintiffs,

vs.

HUMANA INC.,

    Defendant.
_____/

## ORDER GRANTING STAY OF PROCEEDINGS

THIS CAUSE came before the Court upon the defendant's notice that it recently filed a motion to the Judicial Panel on Multidistrict Litigation for an order of transfer and an order of consolidation [DE 12 & 14], filed March 7, 2000.

In the interest of justice and judicial economy, this Court shall stay the above-styled matter pending resolution of the motion to transfer this case to the multi-district litigation panel. The parties shall keep the Court informed on this matter.

ORDERED AND ADJUDGED that proceedings will be **STAYED** pending further order of this Court.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 13 day of March, 2000.

                KENNETH L. RYSKAMP
                UNITED STATES DISTRICT JUDGE

ATTACHMENT / EXHIBIT A

15/K2

Page 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

copies provided:
Brian Brooks, Esq.
David Krathen, Esq.
H. Laddie Montague, Jr., Esq.
James W. Beasley, Jr., Esq.
Peter A. Sachs, Esq.